IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **ANDREA PAIGE BROWNER,** | : |
| **Plaintiff,** | : |
| V. | : NO. 3:22-cv-00054-CDL-CHW |
| **ATHENS-CLARK COUNTY,** *et al.*, | : |
| **Defendants.** | : |

### ORDER

Plaintiff Andrea Paige Browner, a detainee in the Clarke County Jail in Athens, Georgia, has filed a complaint under 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff also filed a request to proceed *in forma pauperis*. Mot. For Leave to Proceed *In Forma Pauperis*, ECF No. 2. Neither of these filings, however, was on the proper form.

Plaintiff is **ORDERED** to refile the complaint and motion to proceed *in forma pauperis* on the proper forms. The recast complaint will supersede (take the place of) the original complaint filed in this case (ECF No. 1). The Court will not look back to that document to determine whether Plaintiff has stated a colorable constitutional claim. Plaintiff should therefore take care to include any facts relevant to the claims included in the recast complaint.

With regard to the motion to proceed *in forma pauperis*, a prisoner seeking leave to proceed *in forma pauperis* must submit (1) an affidavit in support of the claim of indigence, and (2) "a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint."

28 U.S.C. § 1915(a)(1)-(2). The trust fund account statement (or similar documentation) provides the Court with the information it needs to determine the average monthly deposits or the average monthly balance in Plaintiff's trust account, as required by 28 U.S.C. § 1915. *See id.* (requiring the district court to assess an initial partial filing fee when funds are available).

Plaintiff has also filed a motion asking for appointed counsel in this case. Mot. to Appoint Counsel, ECF No. 4. As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id.* In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has not identified any exceptional circumstances that warrant the appointment of counsel. Accordingly, Plaintiff's motion is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

rights, the Court, **on its own motion**, will consider assisting Plaintiff in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

Plaintiff has also filed a motion for a subpoena of all of the emails to and from Plaintiff that are in the Athens Clarke County Jail server. Mot. for Subpoena, ECF No. 5. This request for discovery materials is premature, as Plaintiff has not filed a complaint on the proper form, the complaint has not yet undergone a preliminary review, and discovery has not begun. Moreover, if this case proceeds to the discovery phase, Plaintiff should direct all discovery requests to any remaining defendants. Only if the defendants fail or refuse to comply with valid discovery requests should Plaintiff seek the Court's intervention. Accordingly, Plaintiff's motion for a subpoena is also **DENIED**.

Thus, as set forth above, Plaintiff is **ORDERED** to file a recast complaint and a motion for leave to proceed *in forma pauperis* on the proper forms. Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this order to comply. Plaintiff's failure to fully and timely comply with this order may result in the dismissal of Plaintiff's complaint. Plaintiff's motion to appoint counsel (ECF No. 4) and motion for a subpoena (ECF No. 5) are both **DENIED**.

Finally, the **CLERK** is **DIRECTED** to forward Plaintiff a blank 42 U.S.C. § 1983 prisoner complaint form and a motion for leave to proceed *in forma pauperis*, with the appropriate account certification form, along with Plaintiff's service copy of this order (with the civil action number showing on all). There shall be no service in this case

3

pending further order of the Court.

**SO ORDERED and DIRECTED**, this 15th day of June, 2022.

<pre>
                                    s/ Charles H. Weigle
                                    Charles H. Weigle
                                    United States Magistrate Judge
</pre>